IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

v. : CR. No. 07- 118 S

WILLIAM GURKA :

FILED
SEP 18 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States (United States or government) and Defendant WILLIAM GURKA have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a six-count Information with forfeiture allegations which charges Defendant with knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts I-IV); with knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count V); with knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) . Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. Defendant will admit the Forfeiture Allegations stated in the Information, will consent to the forfeiture of the motor vehicles described in the Forfeiture Allegations stated in the

Information, and will consent to the entry of a Court Order of forfeiture of the motor vehicles described in the Forfeiture Allegations stated in the Information.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. With regard to Counts I through V, the government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines"), but not including probation or a "split-sentence" even if permitted under the guidelines. With regard to Count VI, the government will recommend a sentence of five (5) years imprisonment to be imposed consecutively to the term of imprisonment imposed on Counts I through V. If, however, Defendant seeks a downward departure under the guidelines or advocates for a sentence below the guideline range, the government will then be free to recommend any term of imprisonment within the applicable guideline range for Counts I through V found by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters his plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government agrees not to bring any additional charges against Defendant which could arise out of the sale of the controlled substances on those dates specified in the Information, the possession of the firearms on June 26, 2007, and the search of his home on June 26, 2007.

e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. The United States and Defendant stipulate and agree to the following facts under the guidelines:

a. The substance charged in Counts I through V is cocaine powder having a total weight of 54.11 grams.

4. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

5. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which Defendant is pleading are:

Counts I through V:

a. twenty (20) years imprisonment; and

b. a fine of $1,000,000; and

c. a term of supervised release of life, with a mandatory minimum term of three (3) years; and

d. a mandatory special assessment of $100.

Count VI:

a. life imprisonment, with a mandatory minimum term of five (5) years which must be imposed consecutively to any term of imprisonment imposed on Counts I through V; and

b. a fine of $250,000; and

c. a term of supervised release of life; and

d. a mandatory special assessment of $100.

If the sentences on all Counts were imposed consecutively, the maximum statutory penalties would be: life imprisonment; a fine of $5,250,000; and a term of supervised release of life. The total mandatory special assessment is $600.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

g. Defendant has also been advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands that he could request DNA testing of evidence in this case in the current proceedings. Defendant further understands that if the Court enters a judgment of conviction for the offenses to which he is about to plead guilty, Defendant could request DNA testing of evidence in this case after his conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding his right to request DNA testing, Defendant knowingly and voluntarily waives and gives up that right. Defendant further understands he will never have another opportunity to have the evidence in this

case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 3 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guidelines determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that he has the right to file a direct appeal, a collateral attack under 28 U.S.C. § 2255, or other requests for post-conviction relief. Defendant hereby waives his right to file a direct appeal if the sentence imposed on Counts I through V is within the guidelines range as determined by the Court and the sentence imposed on Count VI does not exceed five years imposed consecutively to any term of imprisonment imposed on Counts I through V. This agreement does not affect the rights or obligations of the United States as set

forth in 18 U.S.C. § 3742(b) and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

WILLIAM GURKA
Defendant

Date 9/9/07

WILLIAM C. DIMITRI, ESQ.
Counsel for Defendant

Date 9.9.07

KENNETH P. MADDEN
Assistant U. S. Attorney

Date 9-14-2007

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Chief, Criminal Division

Date 09/18/2007