UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V CR07-118-01S

WILLIAM GURKA

MOTION TO VACATE PLEA AND
DISMISS COUNT VI OF THE INFORMATION

NOW COMES the defendant William Gurka and moves that this Honorable Court permit him to vacate his plea to Count VI of the information. The defendant also moves that this Court dismiss said Count on the ground that the conduct complained of in the information does not constitute a crime under 18 U.S.C. 924(c).

In support of this motion the defendant attaches a memorandum addressing the relevant issues.

William Gurka
By his attorney,
*/s/ William C. Dimitri*
William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909

CERTFICATION

I hereby certify that a true copy of this motion was served upon Kenneth P. Madden, A.U.S.A. via electronic means on the 28th day of January, 2008.

*/s/ William C. Dimitri*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V CR07-118-01S

WILLIAM GURKA

MEMORANDUM IN SUPPORT OF MOTION TO VACATE AND DISMISS

On the 9th day of September 2007 the defendant in the instant matter agreed to waive indictment and signed an information which charged him with four (4) counts of distribution of cocaine, one (1) count of possession of cocaine with the intent to distribute and one (1) count (Count VI) of knowingly possessing a firearm in furtherance of a drug trafficking crime.

On the same date that the defendant signed the information he signed a plea agreement agreeing to plead guilty to the six (6) counts charged.

Per that agreement the defendant pled guilty on the 12th day of October 2007 to the counts contained in the information.

The defendant and indeed the government abided by the terms of the agreement reached and sentencing was scheduled for January 4th 2008.

On the day of sentencing it came to the parties attention that the United States Supreme Court had 3 weeks prior issued a decision in *Michael Watson v United States,* 128 S.Ct.579 (2007), which in the defendant's opinion has a direct impact on the viability of the charge contained in Count VI.

In *Watson* the court held that a person who trades his drugs for a gun does not "use" a firearm "during and in relation to…a drug trafficking crime" within the meaning of the statute demanding a mandatory minimum sentence. This decision abrogated *United States v Cotto,* 456 F.3d 25 (C.A.1 2006) (which counsel relied on in part in discussing the charges with the defendant).

As this court is well aware a conviction under 18 U.S.C. 924 (c) mandates a minimum five year mandatory consecutive sentence to any sentence imposed as a result of a conviction for drug trafficking.

Much like the defendant in *Watson* the instant defendant traded a relatively small amount of narcotics and in return received [a] gun(s). In *Watson* the defendant traded twenty four (24) doses of OxyContin and in the instant case the defendant William Gurka traded 3 "bags" of cocaine and FOUR HUNDRED ($400.00) DOLLARS for the weapons

referenced in the Government's version of facts (the defendant notes here that 2 "bags" of cocaine totaling 4.97 grams was traded on the 26th of June and the defendant would owe another "bag" of approximately the same size or approximately 2.5 grams).

*Watson* was subsequently indicted for the drug activity and for "using" the pistol during and in relation to that crime. The defendant here was subsequently arrested and was charged and pled guilty to "possessing" a firearm in furtherance of a drug trafficking crime…

In *Watson* the government took the position that the defendant "used" the pistol under 18 U.S.C.924 (c) by receiving it. The court found that position to be without authority in either precedent or regular English (in applying the ordinary or natural meaning of the word "use.")

In the instant case as the court is well aware, the defendant is not charged with "use" of the firearm for if he was this memorandum might be unnecessary. In this case the defendant is charged with "possession" of the firearm in furtherance of the drug trafficking crime. The defendant asserts that the same reasoning that applied in *Watson* applies here.

There is no doubt that following *Bailey v United States,* 516 U.S. 137 (1995) Congress did extend the reach of "924(c)" by amending the statute and cover possession of a firearm "in furtherance" of a drug trafficking crime.

However as in *Watson* the question now becomes whether he "possessed" it in furtherance of that transaction. The defendant respectfully submits the answer is no.

In *Watson* the question for the court was whether he employed the gun at all. The government argued that a person "uses" a firearm simply by receiving it in a barter transaction. The court found that no one else would accept that position and gave examples.

IN the instant case it is not a question of whether the defendant possessed the weapon charged, ultimately he did. Possession in its most ordinary meaning would mean to hold, or to exercise control over something. The issue then becomes whether he possessed in furtherance of the drug trafficking crime. As already indicated the defendant posits that the answer is no.

The defendant did not possess the weapon in furtherance of the drug trafficking crime any more than *Watson* used the firearm in furtherance of his drug trafficking crime. As the court said, when *Watson* handed over the drugs for the pistol, the informant or agent "used' the pistol to get the drugs. A seller, *Watson* in this case, does not 'use' a buyer's consideration.

In the instant case it was the agents that possessed the weapons "in furtherance" of the drug transaction and this is supported by the facts of the case. At the time the final deal

was made between the defendant and the agents (just prior to his arrest) the defendant *possessed* 4.97 grams of cocaine and the agents *possessed* a Bryco, model Bryco 38, .380 caliber semi-automatic pistol… The defendant did not possess prior to the transaction and did not possess it in furtherance of the transaction, the agents did. In furtherance given its normal and ordinary meaning amounts to: "act of furthering, helping forward, promotion, advancement, or progress (Blacks Law Dictionary, Fifth Ed. 1979).

Using the plain and ordinary meaning of both *possession* and *in furtherance* of the transaction it can not be said that with the advent of the *Watson* opinion that the defendant violated "924(c)."

Although the defendant took part in a drug transaction he did not possess the weapon(s) in furtherance of that crime, but rather possessed the weapon(s) as a result of that crime. It was the agents that possessed the weapons in furtherance or in helping the transaction go forward, to advance it! The defendant's possession was subsequent to and therefore the result of the drug transaction, not in furtherance of it.

WHEREFORE, the defendant moves that he be allowed to withdraw his plea of guilty to Count VI of the information and that the court dismiss that count as not constituting "possessing a weapon in furtherance of a drug transaction."

William Gurka
By his attorney,
*William C. Dimitri*
William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909

<u>CERTIFICATION</u>

I hereby certify that a true copy of this memorandum was served upon Kenneth P. Madden, A.U.S.A. via electronic means on the 28th day of January 2008.

*William C. Dimitri*