`

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 07-118-S |
| | : | |
| WILLIAM GURKA | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO VACATE PLEA AND DISMISS COUNT VI OF THE INFORMATION

Defendant William Gurka (Defendant) has moved to withdraw his plea of guilty to Count VI of the information which charges that on June 26, 2007, he possessed a specific firearm in furtherance of the drug trafficking crime of distribution of cocaine, in violation of 18 U.S.C. § 924(c). He relies exclusively on the recent United States Supreme Court decision, United States v. Watson, 128 S.Ct. 579 (2007), which holds that a person who barters or trades drugs for a firearm does not "use" the firearm "during and in relation to a drug trafficking crime." There is no question in this case that the defendant traded cocaine and cash for firearms offered for sale by an undercover Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives. However, for those reasons which follow, Watson is inapplicable and the motion should be denied.

This Court is bound to follow the law of the Circuit. In United States v. Rodriguez-Pacheco, 475 F.3d 434, 441 (1st Cir. 2007), the First Circuit, citing Moore's Manual - Federal Practice And Procedure, stated:

> A panel of this court is normally bound to follow an earlier panel decision that is closely on point, unless an exception exists to the principles of *stare decisis*. Williams v. Ashland Eng'g Co., 45 F.3d 588, 592 (1st Cir.1995) (subsequent case history omitted). As a leading commentator has stated:
>
> The doctrine of stare decisis provides that courts must abide by or adhere to cases that have been previously decided and that a legal decision on an issue of law that is contained in a final judgment is binding in all future cases on the court that made the legal decision and all other courts that owe obedience to that court. In other words, the doctrine of stare decisis incorporates two principles: (1) a court is bound by its own prior legal decisions unless there are substantial reasons to

> abandon a decision; and (2) a legal decision rendered by a court will be followed by all courts inferior to it in the judicial system.

3 J. Moore et al., *Moore's Manual- Federal Practice and Procedure* § 30.10[1] (2006) (footnotes omitted).

See also, United States v. Bishop, 453 F.3d 30 (1st Cir. 2006) ("The district court took note of appellant's arguments urging the overruling of *Fortes*, but properly also noted that it was bound to it as the law of the circuit.").

In an unpublished opinion, the First Circuit upheld the sufficiency of the evidence where a defendant bartered drugs for firearms and was convicted of possession of a firearm in furtherance of a drug trafficking crime. Unlike the defendant in Watson, the defendant was not charged with using a firearm during and in relation to a drug trafficking crime. The First Circuit found that the defendant's behavior fell within the reach of 18 U.S.C. § 924(c). United States v. Dolliver, 228 Fed.Appx. 2 (1st Cir. 2007). Other circuits are in agreement. See United States v. Luke-Sanchez, 483 F.3d 703 (10th Cir. 2007) (trading three quarters of an ounce of methamphetamine for two pistols violated 18 U.S.C. § 924(c)) ; United States v. Frederick, 406 F.3d 754 (6th Cir. 2005) (accepting possession of a firearm in exchange for $250 in cash and a quantity of marijuana violated 18 U.S.C. § 924(c)); United States v. Boyd, 209 Fed.Appx. 285 (4th Cir. 2006) (unpublished) (accepting firearms as payment for crack cocaine violated 18 U.S.C. § 924(c)).

The Dolliver opinion is neither undermined by statute nor by a First Circuit en banc decision. Further, as noted below, it is also not undermined by the Watson decision or by a belief, based upon sound reasoning, that the former panel would change its mind. Pacheco, 475 F.3d at 441-42.

Watson addressed that portion of § 924(c) which criminalizes the use of a firearm during and in relation to a drug trafficking crime. The Watson Court did not rule upon the "possession in furtherance of a drug trafficking crime" language. That portion of the statute was left unaffected by Watson. Further, the problems identified by the Court with the "uses" portion of

the statute are not present in the "possession" section. The Watson Court relied upon the meaning of the word "uses' as it is employed in everyday speech. The Court borrowed a phrase from United States v. Westmoreland, 122 F.3d 431, 436 (7th Cir. 1997) ("A seller does not 'use' a buyer's consideration.") and noted that "the first possessor is the one who 'uses' the gun in the trade." Watson, 128 S.Ct. at 583-84.

Referencing Webster's Third New International Dictionary (1981), the Sixth Circuit defined the phrase "in furtherance of" as it is understood in its ordinary, natural meaning - "a helping forward: advancement, promotion." United States v. Mackey, 265 F.3d 457, 460-61 (6th Cir. 2001). The Sixth Circuit has also stated that "[a]s a matter of logic, a defendant's willingness to accept possession of a gun as consideration for some drugs he wishes to sell *does* 'promote or facilitate' that illegal sale." Frederick, 406 F.3d at 764. In Luke-Sanchez, the Tenth Circuit stated that firearms used to pay for drugs were "akin to any other form of currency used to pay for illegal drugs, all of which further and promote drug trafficking by sustaining the drug market. Accordingly, the nexus between the drugs and the guns used to pay for them is sufficient, as a matter of law, to meet the 'in furtherance' prong of § 924(c). In other words, trading guns for drugs 'further[s], promote[s] or advance[s] a drug trafficking crime.'" 483 F.3d at 706 (quoting United States v. Robinson, 435 F.3d 1244, 1251 (10th Cir. 2006)).

In the defendant's case, his possession of the firearms did promote, advance and/or facilitate the distribution of the cocaine. Absent his desire and willingness to accept the firearms in payment for the cocaine, the distribution of the cocaine may never have occurred. Further, it was only after the defendant handled the firearms in Agent Troiano's vehicle, took physical possession of the firearms, and secreted the firearms in his own vehicle, that the defendant then

completed the transaction and delivered the cocaine to Agent Troiano. His possession of the firearms was clearly in furtherance of his distribution of the cocaine.

The motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680

CERTIFICATION

I hereby certify that on the 8th day of February, 2008, I electronically filed and served the Within Government's Response To Vacate Plea And Dismiss Count VI Of The Information to:

William C. Dimitri, Esq.
Law Offices
462 Broadway
Providence, RI 02909

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5054
401-709-5001 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680