UNITED STATES DISTRICT COURT
DISTRICT COURT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | CR. NO. 07-118-S |
| WILLIAM GURKA, Defendant. | ) | |

**ORDER**

William E. Smith, United States District Judge.

Defendant William Gurka has moved to vacate his plea and dismiss Count VI of the Information, which charges him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He argues that the conduct complained of does not constitute a crime, and relies in particular on a recent decision of the United States Supreme Court issued subsequent to his plea. For the reasons set forth below, Defendant's motion is denied.

I. Background

On October 12, 2007, Defendant pled guilty to four counts (Counts I-IV) of knowingly and intentionally distributing cocaine, one count (Count V) of knowingly and intentionally possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(C), and one count (Count VI) of knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Defendant's motion is based

on the recent decision of the United States Supreme Court in Watson v. United States, 128 S. Ct. 579 (2007), which held that "a person does not 'use' a firearm under §924(c)(1)(A) when he receives it in trade for drugs." Id. at 586. Gurka urges the extension of Watson; that is, that his receipt of a gun in trade for drugs can no longer be considered "possession" in furtherance of a drug trafficking crime under § 924(c). For all intents and purposes, Gurka maintains that Watson overrules (or at least calls into serious question) First Circuit precedent holding that trading drugs for firearms constitutes "possession" of a firearm "in furtherance of" a drug trafficking crime. United States v. Dolliver, 387 F. Supp. 2d 83, 87 (D. Me. 2005), aff'd, 228 Fed. Appx. 2 (1st Cir. 2007). Thus, the issue before this Court is whether Watson's holding regarding the "use" prong of § 924(c)(1)(A) applies to the "possession" prong when a defendant has received a firearm in exchange for drugs.

II. Analysis

Before the Supreme Court decided Watson, the First Circuit in United States v. Dolliver, 228 Fed. Appx. 2 (1st Cir. 2007), affirmed the district court which held:

> [T]he nexus between "possession" to "in furtherance of" a drug crime is the barter itself. This Court agrees with the Sixth Circuit's statement that trading drugs for guns "promotes or facilitates" the illegal sale, since the drug sales may not have taken place if [the defendant] had not accepted guns as payment.

Dolliver, 387 F. Supp. 2d at 87 (quoting United States v. Frederick, 406 F.3d 754, 764 (6th Cir. 2005)). In Dolliver, the defendant had received a firearm in exchange for drugs and was charged under § 924(c)(1)(A) with "possession of a weapon 'in furtherance of . . . a drug trafficking crime.'" Id. The court, adopting the Sixth Circuit's analysis of the "possession" prong, affirmed that receipt of a firearm is possession in furtherance of a drug trafficking crime.

In Watson, the defendant traded a controlled substance with a government informant or an undercover law enforcement agent in exchange for a firearm, and was indicted for distributing a controlled substance and for "using" the firearm during and in relation to that crime in violation of § 924(c)(1)(A), the "use" prong. 128 S. Ct. at 582. Dismissing the count, the Supreme Court held "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." The Court specifically declined to address whether this same exchange would support a charge under the "possession" prong. Id. at 585-86.

Recently, several other federal courts have taken up the issue presented here and uniformly have rejected the claim that Watson applies to "possession." These courts have construed Watson to only apply to "use" under § 924(c)(1)(A). See, e.g., United States v. Woods, Nos. 04-4223, 04-4231, 04-4232, 07-4331, 07-4395, 2008 WL 795312 at *6 (4th Cir. Mar. 26, 2008)(finding Watson not applicable

where defendant is charged and convicted for "possession" of firearm in exchange for drugs.); Short v. Shultz, No. 7:08CV00057, 2008 WL 1984262 at *5 (W.D. Va. May 6, 2008); Epps v. Obrien, No. 7:08-cv-00081, 2008 WL 1924267 at *2 (W.D. Va. Apr. 30, 2008); Shifflett v. United States, No. 7:08-cv-00231, 2008 WL 768900 at *1 (W.D. Va. Mar. 20, 2008); United States v. Campbell, No. 07-20983-CR, 2008 WL 202747 at *2 (S.D. Fla. Jan. 23, 2008).

Gurka argues that, similar to Watson, only the agent actively trading the gun with Gurka "possessed it in furtherance" of the transaction. He claims that he possessed the gun only as a result of the transaction and not in furtherance of it. Gurka's argument is not completely without merit, but as noted in the recent Fourth Circuit and district court decisions cited above, and by the Supreme Court itself, the focus of Watson was on the "use" and not on the "possession" prong.

There are two reasons why Defendant's argument must be rejected. First, as a matter of stare decisis, Dolliver is controlling law and Watson does not substantially undermine or call it into question. See United States v. Rodriguez-Pacheco, 475 F.3d 434, 442 (1st Cir. 2007) (Exception to stare decisis "in those relatively rare instances in which authority that postdates the original decision, although not directly controlling, nevertheless offers a sound reason for believing that the former panel, in light of fresh developments, would change its collective mind.")

(internal quotation marks and citation omitted). Second, on the merits, it is this Court's view that while receiving a gun may not be use (i.e. only the person trading the gun is "using" it to further the drug transaction), the same cannot be said of receipt of the gun as possession. When one receives a gun he clearly possesses it; and his possession of the gun at the end of the transaction is essential to the completion of that transaction. Common sense tells us if the Defendant had not accepted the gun (and never possessed it) the transaction would not have been consummated.

III. Conclusion

For these reasons, the Defendant's motion to vacate his guilty plea and dismiss Count VI of the Information is denied. However, Defendant's right to appeal is preserved, and this Court is confident that the First Circuit, in this case or another, will resolve this issue with finality.

IT IS SO ORDERED.

WESmith
William E. Smith
U.S. District Judge
Date: 7/7/08